UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH I.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C19-5245-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting a medical opinion, her testimony, and her husband's testimony.[1] (Dkt. # 10 at 1.) Plaintiff contends that these errors warrant a remand under sentence four of 42 U.S.C. § 405(g). In the alternative, Plaintiff argues that evidence submitted for the first time to the Appeals Council warrants a remand under sentence six of 42 U.S.C. § 405(g). The Commissioner argues that a remand under either sentence four or sentence six is not necessary because the ALJ's decision is free of harmful legal

---

[1] Plaintiff also assigns error to the ALJ's assessment of her residual functional capacity ("RFC") and finding at step four, but in doing so relies entirely upon arguments made elsewhere. (Dkt. # 10 at 12.) Therefore, these issues need not be addressed separately.

ORDER - 1

error and is supported by substantial evidence. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1974, has a high school diploma, and previously worked as a shipping and receiving clerk, certified nursing assistant, and sidle machine operator. AR at 59-60, 230. Plaintiff was last gainfully employed in December 2014. *Id.* at 229.

In September 2015, Plaintiff applied for benefits, alleging disability as of December 18, 2014. AR at 212-15. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 128-30, 134-40. After the ALJ conducted a hearing on August 15, 2017 (*id.* at 51-109), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 35-45.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since December 18, 2014.

Step two: Plaintiff's degenerative disc disease of the cervical spine, status post surgery; degenerative disc disease and degenerative joint disease of the thoracic spine; and degenerative disc disease and spondylolisthesis of the lumbar spine are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

RFC: Plaintiff can perform sedentary work with additional limitations: she can never climb ladders, ropes, or scaffolds. She can only occasionally climb stairs or ramps. She can only occasionally balance, stoop, kneel, crouch, or crawl. She can only occasionally reach overhead bilaterally. She can only occasionally use bilateral foot controls. She can only occasionally be exposed to vibration or extreme cold.

Step four: Plaintiff cannot perform past relevant work.

---

[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 35-45.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 3

## IV. DISCUSSION

### A. The ALJ Did Not Err in Discounting a Treating Physician's Opinion

Ross E. Vogelgesang, M.D., treated Plaintiff at a pain clinic and completed a form opinion in July 2017 describing her symptoms and limitations. The ALJ summarized Dr. Vogelsagang's opinion and found that it was inconsistent with the record, because Plaintiff underwent "relatively conservative" treatment (pain medication and injections) during the adjudicated period, she consistently exhibited full strength on examination, and Dr. Vogelgesang never prescribed any device to assist Plaintiff in ambulating. AR at 43. The ALJ also noted that during Plaintiff's most recent surgery consultation, the provider described Plaintiff's symptoms as "not severe" and recommended continuing conservative treatment. *Id*. Finally, the ALJ found that Dr. Vogelgesang's opinion regarding Plaintiff's severe reaching and manipulative limitations was inconsistent with Plaintiff's lack of any impairment that would cause manipulative limitations, and was also contradicted by a September 2016 examination showing good hand grip. *Id*. (citing AR at 568). For all of these reasons, the ALJ gave little weight to Dr. Vogelgesang's opinion.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for clear and convincing reasons. *Id*. Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

In this case, Dr. Vogelgesang's opinion conflicts with the State agency opinions, and thus the ALJ was required to provide specific and legitimate reasons to discount Dr. Vogelgesang's opinion. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006). Plaintiff argues that the ALJ erred in discounting Dr. Vogelgesang's opinion because it was supported by his own treatment notes (which document his prescriptions for pain medication, indicating he believed Plaintiff did have pain) as well as other medical evidence in the record. (Dkt. # 10 at 5.) This argument does not directly establish error in the ALJ's decision, because Plaintiff has not shown that the specific reasons provided by the ALJ for discounting Dr. Vogelgesang's opinion are not legitimate. Simply arguing that the medical evidence could have been weighed differently does not establish error in the ALJ's decision. *See, e.g.*, *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Because Plaintiff has not met her burden to show error in the ALJ's assessment of Dr. Vogelgesang's opinion, this portion of the ALJ's decision is affirmed.

### B. The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony

The ALJ discounted Plaintiff's subjective testimony, finding her allegations of disabling pain to be inconsistent with the medical record, showing that conservative treatment was recommended: she received only occasional injections, had not recently engaged in physical therapy, and was told that further surgery was not recommended at the time. AR at 42. The ALJ highlighted that in July 2017, a provider described Plaintiff's symptoms as not severe, and

therefore not warranting surgery at her young age. *Id.* (citing *id.* at 684). The ALJ also found Plaintiff's allegations to be inconsistent with statements she made to providers that her pain was well managed with medication, as well as treatment notes showing full strength and a normal range of motion. *Id.* at 42. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that her strong pain medications evidence her severe limitation, in contrast to the ALJ's interpretation of her medication regimen as showing conservative care. (Dkt. # 10 at 9.) This argument misses the ALJ's point, which is that Plaintiff's providers usually described her pain as well managed with medication, and this finding is supported by substantial evidence. *See* AR at 41 (citing *id.* at 573, 578, 582, 587, 597, 602, 607, 611, 617, 622, 627, 632). This is a valid reason to discount Plaintiff's allegation of disabling pain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain.").

Plaintiff also suggests that her treatment was not necessarily conservative because a physician recommended multi-level fusion. (Dkt. # 10 at 10.) The only evidence Plaintiff cites as support for that claim is her hearing testimony (AR at 83); the treatment note Plaintiff referred to in her testimony does not contain a recommendation for multi-level fusion. *Id.* at 681-85. Instead, it references a recommendation to continue conservative care and indicates that Plaintiff was not a candidate for surgical intervention. *Id.* This evidence is consistent with the ALJ's interpretation of the evidence (*id.* at 42), and thus does not show error in the ALJ's decision.

Plaintiff cites a host of other self-reported symptoms as evidence inconsistent with the ALJ's decision, but that self-report is insufficient to show error in the ALJ's decision because the ALJ did not dispute that Plaintiff reported experiencing some pain. For example, Dr. Vogelgesang's notation that Plaintiff reported hand pain does not contradict his finding that she had good grip strength; the ALJ did not err in focusing on the objective evidence related to Plaintiff's functional limitations, as opposed to her self-reports alone. *See Molina*, 674 F.3d at 1112 (indicating that "an ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the asking'" (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))). Plaintiff also cites her discomfort sitting at the hearing, as well as her testimony about the modifications she made in her daily life to avoid discomfort, as evidence that she was indeed as limited as she claimed. (Dkt. # 10 at 12 (citing AR at 66, 69, 76, 91, 97).) But again, citing self-report does not establish error in the ALJ's stated reasons for discounting Plaintiff's self-report: it does not show that the ALJ erred in finding that the objective evidence, as well as the evidence of improvement with treatment, showed that her functional limitations were less severe than alleged. Plaintiff has failed to show error in the ALJ's assessment of her testimony, and therefore this portion of the ALJ's decision is affirmed.

**C.     The ALJ Did Not Err in Discounting Plaintiff's Husband's Statement**

Plaintiff's husband wrote a one-page letter describing Plaintiff's symptoms and limitations. AR at 294. The ALJ summarized Plaintiff's husband's statement, and explained that he discounted it because it was contradicted by the objective medical evidence. *Id*. at 43-44.

An ALJ's reasons to discount a lay witness's statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Plaintiff argues that the

ALJ's reasons are insufficient because Dr. Vogelgesang's notes support rather than contradict Plaintiff's husband's statement. (Dkt. # 10 at 6-7.) But Plaintiff cites only her self-report recorded in Dr. Vogelgesang's notes, which does not contradict the ALJ's reasoning that Plaintiff's husband's statement was inconsistent with the *objective* medical evidence. Plaintiff's self-report does not constitute objective medical evidence, and thus Plaintiff has failed to show that the ALJ erred in discounting her husband's statement as inconsistent with the objective evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

### D. A Sentence-Six Remand is Not Warranted

Plaintiff submitted new evidence for the first time to the Appeals Council: a June 2018 report written by examining physician Thomas Gritzka, M.D., and June 2018 treatment notes from the Alliance Pain Center. AR at 7-21. The Appeals Council denied Plaintiff's request for review and indicated that the new evidence "did not show a reasonable probability that it would change the outcome of the decision." *Id*. at 2.

Plaintiff disagrees with the Appeals Council's finding, arguing that Dr. Gritzka's opinion report corroborates Plaintiff's testimony and Dr. Vogelgesang's opinion, and that the treatment notes indicate that Plaintiff's condition continued to worsen after the ALJ's decision was entered. (Dkt. # 10 at 13-17.) Even if those things are true, Plaintiff has not shown good cause as to why she did not submit it earlier, which is a prerequisite for a sentence-six remand. *See Mayes v. Massanari*, 276 F.3d 453, 462-63 (9th Cir. 2001) ("A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied."); *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990) (same); *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (same).

Under the relevant portion of sentence six of 42 U.S.C. § 405(g), a court may at any time remand a case for "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In a sentence-six remand, the court makes no substantive ruling as to the correctness of the Commissioner's decision, but instead retains jurisdiction of the case until a new decision is made that is either fully favorable to the claimant or that permits review under sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). The claimant must show both that the new evidence is material to determining his or her disability and the existence of good cause for having failed to produce that evidence earlier. *See Mayes*, 276 F.3d at 462.

Plaintiff suggests that the Appeals Council impliedly found that she had good cause, because lack of good cause was not cited as a reason for denying review (dkt. # 10 at 13), but even assuming that is true, Plaintiff cites no authority relieving this Court of *its duty* to ensure that Plaintiff has satisfied the requirements for a sentence-six remand before ordering one. Ninth Circuit cases, as well as district court cases in the Ninth Circuit, indicate that good cause is not met under the circumstances here, where Plaintiff obtained a medical opinion months after the ALJ's unfavorable decision. *See, e.g.*, *Baghoomian v. Astrue*, 319 Fed. Appx. 563, 566 (9th Cir. Mar. 13, 2009); *Duggan v. Barnhart*, 66 Fed. Appx. 730, 732 (9th Cir. Jun. 3, 2003); *Jessie C.B. v. Berryhill*, 2019 WL 1293604, at *4-5 (D. Mont. Mar. 21, 2019); *Rodriguez v. Comm'r of Social Sec. Admin.*, 2018 WL 6831535, at *10-11 (C.D. Cal. Dec. 27, 2018) ("Plaintiff does not establish good cause simply by obtaining a new report from a physician who effectively reiterates the same medical opinions that the ALJ rejected in an unfavorable decision."). Because Plaintiff has not shown good cause for failing to submit the Appeals Council evidence before the

ALJ's decision was entered, Plaintiff is not entitled to a sentence-six remand and the Court need not address the materiality of the Appeals Council evidence.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 21st day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge