# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ELIZABETH I.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5245-MLP

ORDER

    This matter comes before the Court on Plaintiff's motion for relief under Federal Rule of Civil Procedure 59(e). (Dkt. # 15.) The Court previously requested that the Commissioner file a response brief, which was filed on October 30, 2019. (Dkt. # 18.) After reviewing the parties' briefing and the remainder of the record, the Court DENIES Plaintiff's motion (dkt. # 15) as explained below.

    A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted). "Indeed, 'a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Rule 59(e) is not a proper vehicle to raise new arguments that could have been raised earlier. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

In this case, Plaintiff assigned error to various aspects of the Commissioner's final decision finding her not disabled and asked for a sentence-four remand based on those errors, or, in the alternative, a sentence-six remand based on evidence submitted for the first time to the Appeals Council. (Dkt. # 10.) The Court found no harmful error in the Commissioner's final decision, and found that a sentence-six remand was not warranted because Plaintiff had not shown good cause for failing to submit the evidence to the administrative law judge. (Dkt. # 13.) Plaintiff then filed the Rule 59(e) motion, contending that the Court erred in failing to analyze the new evidence under *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012), even though Plaintiff had not cited *Brewes* in her briefing.

The Court declines to consider for the first time on reconsideration how *Brewes* applies to the Appeals Council evidence in this case. *Brewes* pertains to sentence-four remands rather than the sentence-six remand Plaintiff requested. 682 F.3d at 1164. Plaintiff's opening and reply briefs discuss and apply only the standards for a sentence-six remand, rather than a sentence-four remand. (Dkt. # 10 at 13-18, Dkt. # 12 at 8-9.) If Plaintiff had requested a sentence-four remand in her briefing, the Court would have considered and addressed the applicable standards for a sentence-four remand, but declines to undertake that analysis in resolving a motion for reconsideration.

//

//

Plaintiff has failed to show clear error in the Court's order for failure to apply *Brewes*, because Plaintiff's request for sentence-six relief does not implicate *Brewes*. Accordingly, Plaintiff's Rule 59(e) motion (dkt. # 15) is DENIED.

Dated this 6th day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge